UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4194-GW | Date | August 5, 2022 |
|---|---|---|---|
| Title | *In Re Vien Thi Ho* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - RULING ON APPELLANT'S MOTION TO RETURN THE APPEAL TO THE BANKRUPTCY APPELLATE PANEL FOR GOOD CAUSE SHOWN BANKRUPTCY COURT CASE NO. 2:22-BK-11157-SK BANKRUPTCY APPELLATE PANEL CASE NO. CC-22-1091 [8]

Debtor-Appellant Vien Thi Ho's bankruptcy proceedings were heard in the U.S. Bankruptcy Court for the Central District of California and appealed to the U.S. Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). One of the parties to the appeal, Appellee HSBC Bank USA, National Association, timely filed an objection to the disposition of this matter by the BAP pursuant to 28 U.S.C. § 158. *See* Notice of Transfer of Appeal to District Court, Docket No. 6. As a result, the BAP transferred the appeal to the U.S. District Court for the Central District of California on June 17, 2022. *Id.*

On August 7, 2022, Debtor-Appellate moved to return the appeal to the BAP "for good cause shown." Motion to Return the Appeal to the Bankruptcy Appellate Panel ("Motion"), Docket No. 8. Appellee filed an Opposition brief. *See* Opposition to Debtor-Appellant's Motion to Return Appeal to the BAP ("Opp."), Docket No. 10.

The Court finds that it can resolve the present Motion without hearing further statements from the parties. Hence, pursuant to C.D. Cal. L.R. 7-15, the August 8, 2022 hearing on said Motion is taken off-calendar and the following ruling will be issued.

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4194-GW | Date | August 5, 2022 |
|---|---|---|---|
| Title | *In Re Vien Thi Ho* | | |

    This Court will not transfer the appeal back to the BAP. The "Appeals" provision of Title 28 of the U.S. Code ("Judiciary and Judicial Procedure") provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a)(1). Subject to some circumstances not relevant here,

> each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless--
>     (A) the appellant elects at the time of filing the appeal; or
>     (B) any other party elects, not later than 30 days after service of notice of the appeal;
> to have such appeal heard by the district court.

28 U.S.C. § 158(c)(1). As observed in March, Ahart & Shapiro, <u>California</u> <u>Practice</u> <u>Guide:</u> <u>Bankruptcy</u> (The Rutter Group 2021) § 24.80(a), "Any party to appeal can 'kick' appeal from BAP to district court: As noted, all parties to an appeal must consent to an appeal being heard by the BAP . . . . If one party to the appeal opts out of BAP jurisdiction by timely making an election, the appeal will be sent to and decided by the district court." "Federal Rule of Bankruptcy Procedure 8001(e) requires that a 'separate writing' be used to make an election under 28 U.S.C. § 158(c)(1) to have a bankruptcy appeal heard by the district court instead of the bankruptcy appellate panel. . . . [A] statement of election is not effective if . . . the writing in which it is made contains anything other than such an election." *In re Hupp*, 383 B.R. 476, 477-78 (B.A.P. 9th Cir. 2008).

    Debtor-Appellant appears to make two arguments: (1) that Debtor-Appellant elected to have this Court hear the instant appeal in her Notice of Appeal papers, and thus her choice controls, and (2) that Appellee's Notice of Transfer was ineffectual because it was not a "separate writing." Motion at 3. But as 28 U.S.C. § 158(c)(1) makes clear, any party other than the appellant may elect to have the appeal heard by the BAP no later than 30 days after service of the notice of appeal. Appellee appears to have done so here, as permitted by § 158(c)(1). Moreover, the record herein clearly indicates that the Appellee filed a written statement of election to have the appeal heard in the district court, and that statement did not contain

    :

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4194-GW | Date | August 5, 2022 |
|---|---|---|---|
| Title | *In Re Vien Thi Ho* | | |

anything else but that election. *See* Appellee's Statement of Election to Transfer Debtor's Appeal to the United States District Court for the Central District of California, ECF No. 5. Thus, the Court would conclude that Debtor-Appellant's arguments here are unavailing, and the case will remain in this Court.

    For these reasons, the Court would DENY Debtor-Appellant's Motion to Return the Appeal to the BAP.

                                                                                                                          :

Initials of Preparer     JG